Case 7:15-cv-00397 Document 16 Filed in TXSD on 01/13/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OBDULIA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-397 |
| | § | |
| MCALLEN INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Motion to Remand,"[1] filed by Obdulia Hernandez ("Plaintiff"). McAllen Independent School District ("Defendant") has timely responded.[2] After considering the motion, response, and relevant authorities, the Court **GRANTS** Plaintiff's motion and **REMANDS** the case to the 93rd Judicial District Court, Hidalgo County, Texas.

### I. Background and Procedural History

Plaintiff is the parent of O.H., a minor student who is disabled and who receives services from Defendant.[3] On January 3, 2014, Plaintiff filed a request for due process hearing claiming that Defendant violated the Individuals with Disabilities Education Act ("IDEA"), the Texas Education Code, and their respective implementing regulations, by failing to provide services as required under these laws to Plaintiff's child.[4] On January 4, 2014, the request for due process was docketed by the Texas Education Agency, as cause Number 117 – SE – 0114, and assigned

---

[1] Dkt No. 4 ("Motion").
[2] Dkt. No. 9 ("Response").
[3] Dkt. No. 1, Attachment 4 at p. 4.
[4] *Id*.

to an Independent Hearing Officer.[5] On February 18, 2014, a special education hearing officer set the parties for an administrative hearing date on March 18, 2014.[6]

On March 7, 2014, the parties executed a resolution agreement ("Agreement") settling all disputes and claims between the parties in the due process proceeding.[7] The Agreement provided that Plaintiff would dismiss her administrative due process hearing in exchange for Defendant's agreement: (1) to conduct a full individual evaluation, which would include a psychological evaluation of Plaintiff's child; (2) to contract with an outside Board Certified Behavior Analyst to help develop a Behavior Intervention Plan for Plaintiff's child, and to have the Board Certified Behavior Analyst train all school personnel expected to have contact with Plaintiff's child; (3) to have the District Licensed Specialist in School Psychology provide counseling for Plaintiff's child; (4) and to have Plaintiff's child obtain her special education instruction from a different special education teacher for the remainder of the 2013-2014 school year.[8] Between March 10-13, Plaintiff filed a motion to dismiss with prejudice with the Independent Hearing Officer.[9] On March 31, 2014, the Independent Hearing Officer granted that motion and dismissed Plaintiff's petition with prejudice.[10]

On August 25, 2015, Plaintiff filed suit against Defendant in state court asserting breach of contract.[11] Plaintiff asserts that it complied with the terms of the Agreement by dismissing her due process complaint but that Defendant did not fulfill its obligations under the Agreement, and consequently Plaintiff suffered injury as a result.[12] Defendant removed the case to this Court on

---

[5] *Id.*
[6] Dkt. No. 9, Attachment 1 at p. 1.
[7] Dkt. No. 1, Attachment 4 at p. 5.
[8] *Id.*
[9] *Id.* at p. 6; Dkt. No. 1, Attachment 6 at ¶ 11.
[10] Dkt. No. 1, Attachment 4 at p. 6.
[11] *Id.*
[12] *Id.*

September 18, 2015, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331.[13] On October 6, 2015, Plaintiff filed the instant motion to remand. On October 23, 2015, the Court continued Defendant's response deadline for 60 days in order to allow the parties time to hold an Admission, Review, and Dismissal ("ARD") meeting.[14] Subsequently, Defendant timely responded to Plaintiff's motion to remand on December 22, 2015. The Court now addresses the merits of the instant motion.

## II. Cautionary Note

As an initial matter, the Court notes that Defendant has failed to comply with the Federal Rules of Civil Procedure in its filings. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[15] Rule 10(b) in turn states that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[16] Defendant's response to Plaintiff's motion to remand lacks numbered paragraphs entirely, which hinders the Court's reference to its arguments. Defendant is cautioned that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

## III. Discussion

As basis for the instant motion, Plaintiff argues that "the Court should remand this case to state court because the lawsuit does not involve a federal question."[17] Specifically, Plaintiff alleges that her claim is "purely a state common law breach of contract action seeking

---

[13] Dkt. No. 1 at p. 2.
[14] Dkt. No. 7.
[15] FED. R. CIV. P. 7(b)(2).
[16] FED. R. CIV. P. 10(b) (emphasis added).
[17] Motion at ¶ 5.

enforcement of a contract."[18] Plaintiff also requests attorney's fees pursuant to 28 U.S.C. § 1447(c).[19]

It is axiomatic that the courts of the United States are courts of limited jurisdiction, and thus may only hear cases and controversies to the extent that these arise under the Constitution and pertinent acts of Congress.[20] Consequently, federal courts "strictly construe" removal jurisdiction, placing the burden of establishing jurisdiction upon the party seeking removal.[21] "Under [the] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint . . . ."[22] If a federal question fails to appear on the face of the plaintiff's well-pleaded complaint, federal question jurisdiction may nevertheless exist if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[23]

*Jurisdiction Pursuant to IDEA*

Here, Defendant, the removing party, asserts that the Court has jurisdiction over the instant case because Plaintiff's petition alleges claims that involve questions of federal law.[24] In particular, Defendant asserts that the Court has jurisdiction over the instant cause of action pursuant to IDEA. The IDEA is a law "designed to encourage state and local education agencies to extend services to children that are deemed learning disabled. Under the statute, to receive federal funding, a state must establish special education and related services that are provided in conformity with the individualized education program required [under § 1414(d)] . . . ."[25]

---

[18] *Id.*
[19] *Id.* at ¶ 9.
[20] 28 U.S.C. § 1331; *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).
[21] *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988).
[22] *Bernard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir.2008).
[23] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, (1983).
[24] Dkt. No. 1 at p. 2; Response at p. 4.
[25] *Hous. Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 345 (5th Cir.2000) (internal quotations omitted).

Through an individual education program ("IEP"), IDEA sets the disabled student on a personalized educational course which aims to work sensitively with the student's disability and minimize disruptions to the student's and others' progress.[26] Additionally, the IEP must be updated annually.[27] Furthermore, in recognition of parents' rights and of parents' importance in the development of the child, parents must be fully incorporated into the IEP team.[28] Lastly, under IDEA, parents have certain procedural safeguards, which include an opportunity to obtain an independent educational evaluation of their child,[29] and a chance for an impartial due process hearing "which shall be conducted by the State educational agency or by the local educational agency."[30]

Here, Plaintiff pursued her right under IDEA by requesting a due process hearing. Thankfully, the hearing was not necessary because the parties resolved their claims as reflected in the settlement agreement. However, Plaintiff now seeks enforcement of that agreement as a breach of contract claim in state court. Defendant contends that there are two different clauses within IDEA which confer jurisdiction upon this Court.

The first clause Defendant cites is 20 U.S.C. § 1415(f)(1)(B)(iii), which states:

(iii) Written settlement agreement
In the case that a resolution is reached to resolve the complaint *at a meeting described in clause (i)*, the parties shall execute a legally binding agreement that is--

    (I) signed by both the parent and a representative of the agency who has the authority to bind such agency; and
    (II) enforceable in any State court of competent jurisdiction or in a *district court of the United States*.

---

[26] 20 U.S.C.A. § 1414(d)(1)(A)(i) ("The term 'individualized education program' or 'IEP' means a written statement for each child with a disability that is developed, reviewed, and revised in accordance with this section . . . .").
[27] 20 U.S.C.A. § 1414(d)(1)(A)(i)(II) (mandating the IEP include "a statement of measurable annual goals, including academic and functional goals"); 20 U.S.C.A. § 1414(d)(4)(A) ("The local educational agency shall ensure that ... the IEP Team ... reviews the child's IEP periodically, but not less frequently than annually . . . .").
[28] 20 U.S.C.A. § 1414(d)(1)(B)(i).
[29] 20 U.S.C. § 1415(b)(1).
[30] 20 U.S.C. § 1415(f)(1)(A).

Clause (i) in turn provides:

(i) Preliminary meeting
Prior to the opportunity for an impartial due process hearing under subparagraph (A), the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint—

> I. *within 15 days* of receiving notice of the parents' complaint;
> II. which shall include a representative of the agency who has decision making authority on behalf of such agency;
> III. which may not include an attorney of the local educational agency unless the parent is accompanied by an attorney; and
> IV. where the parents of the child discuss their complaint, and the facts that form the basis of the complaint, and the local educational agency is provided the opportunity to resolve the complaint[.]

The second clause Defendant cites to is 20 U.S.C. § 1415(e)(2)(F), which states:

(F) Written agreement
In the case that a resolution is reached to resolve the complaint *through the mediation process*, the parties shall execute a legally binding agreement that sets forth such resolution and that—

> (i) states that all discussions that occurred during the mediation process shall be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding;
> (ii) is signed by both the parent and a representative of the agency who has the authority to bind such agency; and
> (iii) is enforceable in any State court of competent jurisdiction or *in a district court of the United States*.

Clearly, the plain language of these two clauses indicates that some settlement agreements under IDEA will be enforceable in a district court of the United States. However, the issue before this Court is whether the settlement agreement in the instant action is enforceable in a district court of the United States. Defendant argues that "the settlement signed by the parties in this matter is the type of agreement whereby Congress intended to confer jurisdiction upon the federal courts."[31] The Court is unpersuaded.

---

[31] Response at p. 5.

As noted earlier, it is undisputed that Plaintiff filed a request for a due process hearing on January 3, 2014, and that on January 4, 2014 the Texas Education Agency assigned the request to an Independent Hearing Officer. Furthermore, Plaintiff had a hearing scheduled pursuant to the procedural safeguard outlined in § 1415(f)(1)(A), which was set to take place on March 18, 2014.[32] The Court notes that pursuant to § 1415(f)(1)(B)(i)(I), a "preliminary meeting" should have taken place within 15 days of receiving notice of the Plaintiff's complaint. Additionally, this meeting should have satisfied the additional criteria set out in § 1415(f)(1)(B)(i)(II)-(IV). As of the date of this order, nothing has been submitted to the Court indicating that such a meeting ever occurred or that the parties' resolution was reached during such a meeting. Moreover, § 1415(f)(1)(B)(iii) unambiguously states that written settlement agreements are enforceable in a district court of the United States *if the resolution is reached at a meeting* described in § 1415(f)(1)(B)(i).

Similarly, the Court notes that nothing has been filed before the Court indicating that the settlement agreement was reached through mediation. Thus, since the Court cannot determine that the settlement agreement in question was reached at a meeting described in § 1415(f)(1)(B)(i) or through mediation, neither of these sections confer jurisdiction over the settlement agreement on this Court.

*Federal Question Jurisdiction and Jurisdiction Under § 1415(i)(2)(A)*

The Court next considers whether any other provision of IDEA confers jurisdiction on this Court. In this regard the Court notes that 20 U.S.C. § 1415(i)(2)(A) is the only other section conferring jurisdiction on a district court. That section confers jurisdiction on this Court of a civil action brought by a party aggrieved by the findings and decision made under subsections (f) and (g), addressing due process hearings and appeals thereof, or subsection (k), addressing placement

---

[32] Dkt. No. 9, Attachment 1.

in an alternative setting. The Court thus examines Plaintiff's petition to determine the basis of her complaint.

Plaintiff's original petition asserts the following cause of action:

### E. CAUSE OF ACTION – BREACH OF CONTRACT

13. On March 7, 2014, Plaintiff and Defendant executed a valid and enforceable written contract (the Agreement).

14. Plaintiff complied with the terms of the contract by dismissing her due process complaint with prejudice.

15. Defendant breached the contract by failing to fulfill its obligations under the above-reference Resolution agreement.

16. Defendant's breach caused injury to Plaintiff.[33]

Specifically, Plaintiff claims Defendant breached the settlement agreement because:

> [Defendant] failed to conduct a Full Individual Evaluation of [Plaintiff's child] subsequent to the agreement, and failed to contract with an outside [Board Certified Behavior Analyst] to conduct a functional behavioral assessment and assist with the development of a behavior intervention plan. [Defendant] further failed to train all school personnel having contact, instruction or supervision over [Plaintiff's child].[34]

Here, there is no federal question which appears on the face of the plaintiff's complaint. Although the Court agrees with Defendant's assertion that Plaintiff's "underlying request for [an] administrative due process hearing dealt with issues arising under federal law,"[35] Plaintiff's cause of action in the instant case does not demand the resolution of a "substantial question" of federal law before it can be resolved. To the contrary, Plaintiff's breach of contract claim turns on whether Defendant breached the agreement entered into between the parties. Stated differently, Plaintiff is not asserting Defendant failed to comply with IDEA but rather that Defendant failed to comply with the agreement between Plaintiff and Defendant. Furthermore, it

---

[33] Dkt. No. 1, Attachment 4 at p. 6.
[34] Response at p. 4.
[35] *Id*.

is clear that Plaintiff is not claiming that she is aggrieved by a finding or decision made in a due process hearing or on appeal to the Texas Education Agency, or regarding an alternative placement. Therefore, § 1415(i)(2)(A) does not confer jurisdiction on this Court.

The Court next considers whether IDEA as a whole authorizes enforcement of the settlement agreement in question in district court. While the Court has found no Fifth Circuit case addressing the issue, the Court is persuaded by the reasoning of the District Court in *Bowman v. District of Columbia* that:

> [p]erhaps it is true . . . that a district court's exercise of subject matter jurisdiction over disputes involving settlement agreements like those in this case would be 'a logical extension[]' . . . of the jurisdictional provisions in § 1415 and would advance Congress's goal of facilitating non-judicial resolution of [IDEA]-related disputes. But it is not the role of the courts to append new provisions to statutes whenever doing so might comport with some of Congress's goals.[36]

Having considered the plain language of the statute, the Court "declines to confer jurisdiction on itself where Congress has not done so."[37]

It is clear that "any doubt about the propriety of removal must be resolved in favor of remand."[38] Thus, the Court finds there is no federal question which appears on the face of Plaintiff's state court petition and Plaintiff's claim does not depend on resolution of a substantial question of federal law. Accordingly, Plaintiff's motion to remand must be **GRANTED**.

### IV. Attorney's Fees

Lastly, the Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists,

---

[36] *Bowman v. District of Columbia*, No. 05–01933, 2006 WL 2221703, at *2 (D.D.C. Aug. 2, 2006).
[37] *Id.*
[38] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

fees should be denied."[39] Despite the fact that remand is proper in the instant action, the Court does not find that Defendant lacked an objectively reasonable basis for removal. Thus, Plaintiff's request for attorney's fees is **DENIED**.

### V.     Holding

For the foregoing reasons, the Court finds that Defendant has not met its burden of establishing jurisdiction. Accordingly, the Court **REMANDS** the case to the 93rd Judicial District Court, Hidalgo County, Texas. Plaintiff's request for attorney's fees is **DENIED**. Additionally, the show cause hearing currently scheduled for February 1, 2016, regarding the parties' failure to timely file a Joint Discovery/Case Management Plan is **CANCELLED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of January, 2016.

Micaela Alvarez
United States District Judge

---

[39] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005).